# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**  SUPERIOR COURT

e-filed 5/26/2021

| | |
|---|---|
| Nora Lainez, <br> Silvia Nunez, <br> Betsy Ramos <br><br> Plaintiff, <br><br> v. <br><br> Matarazzo Brothers, LLC, <br> Anthony Aresco as Owner and President <br> of Matarazzo Brothers, LLC <br> Defendants | Docket No._____ <br><br><br> **COMPLAINT** |

### INTRODUCTION

Plaintiffs Nora Lainez ("Ms. Lainez"), Silvia Nunez ("Ms. Nunez"), and Betsy Ramos ("Ms. Ramos") (collectively, "Plaintiffs") were employed by Matarazzo Brothers, LLC ("Matarazzo Brothers") and its predecessors-in-interest for over twenty years, until early to mid-May 2020. During this period Plaintiffs frequently worked long hours and were tasked with myriad responsibilities, including driving forklifts and wheeling crates of produce to the edge of the floor of the second story of the warehouse. In late-April 2020, Ms. Lainez began displaying symptoms of COVID-19. Following Federal and state guidelines, Ms. Lainez was forced to quarantine and seek a medical diagnosis, preventing her from attending work. Ms. Lainez's daughter contacted Matarazzo Brothers to inform them that she was experiencing COVID-19 symptoms, was currently seeking a medical diagnosis, and would not be attending work. Shortly following the onset of Ms. Lainez' symptoms, Ms. Ramos and Ms. Nunez also began to

1

experience COVID-19 symptoms. Ms. Ramos and Ms. Nunez informed Matarazzo Brothers in late-April 2020 that they were experiencing symptoms and had been in close contact with Ms. Lainez during their work throughout the preceding week. Accordingly, Ms. Ramos and Ms. Nunez were also forced to quarantine and seek a medical diagnosis for their symptoms. Following their last day at work in April 2020, both Ms. Ramos's and Ms. Nunez's children also tested positive for COVID-19. Ms. Ramos and Ms. Nunez needed to care for their COVID-19-positive children for roughly three weeks and a month, respectively.

Roughly two weeks after Ms. Lainez first began experiencing COVID-10 symptoms, in roughly mid-May 2020, Matarazzo Brothers contacted Ms. Lainez while she was hospitalized to inform her she should file for unemployment, effectively discharging her. Shortly thereafter, Matarazzo Brothers informed Ms. Ramos and Ms. Nunez that they should also file for unemployment, effectively discharging them as well. Despite asking for their jobs back upon their and their children's recovery from COVID-19, none of the Plaintiffs were offered the opportunity to return to work.

Matarazzo Brothers failed to pay Ms. Lainez, Ms. Nunez, and Ms. Ramos 80 hours of sick pay to which they were entitled under the Emergency Paid Sick Leave Act ("EPSLA"). Matarazzo Brothers also failed to pay Ms. Nunez and Ms. Ramos additional sick pay to which they were entitled while taking care of their children under EPSLA. Matarazzo Brothers unlawfully retaliated against Ms. Lainez, Ms. Nunez, and Ms. Ramos by discharging them because they took leave to which they were entitled under EPSLA. Thus, this civil action is brought against Matarazzo Brothers for failure to pay Plaintiffs sick pay to which they are entitled, failure to pay timely wages to which they are entitled, failure to pay minimum wages, and retaliatory discharge in violation of the Emergency Paid Sick Leave Act, 134 Stat. 197, 29

U.S.C § 5101 *et seq.* in violation of the federal Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C. § 201 *et seq.* and Massachusetts statutes relating to wages including G.L. c. 149 and c. 151.

## PARTIES

1. Plaintiffs Nora Lainez, Silvia Nunez, and Betsy Ramos are adult residents of Chelsea, Massachusetts. Plaintiffs began working as employees for Matarazzo Brothers on or about February 25, 2019.

2. Defendant Matarazzo Brothers, LLC is a Domestic Limited Liability Company organized and operated under the provisions of G.L. c. 156C whose principal place of business is located at 113-116 New England Produce Center, Chelsea, Massachusetts.

3. Defendant Anthony Aresco is the Owner and President of Matarazzo Brothers, LLC.

4. Upon information and belief, during the course of Plaintiff's employment, Matarazzo Brothers engaged in interstate commerce.

## JURISDICTION AND VENUE

5. Plaintiffs claim damages in the amount of $71,760, without doubling or tripling, in addition to attorney's fees, litigation costs, and pre- and post-judgment interest. Jurisdiction in the Superior Court is thus proper pursuant to G.L. c. 212 § 3 and G.L. c. 212 § 4.

6. Defendant Matarazzo Brothers, LLC is located at 113-116 New England Produce Center, Chelsea, Massachusetts. Venue is proper pursuant to G.L. c. 223 § 1.

7. Defendant Anthony Aresco resides at 14 Cabot Rd, Stoneham, MA 02180. Venue is proper pursuant to G.L. c. 223 § 1.

8. Personal jurisdiction is proper pursuant to G.L. c. 223A § 1 *et seq.*

3

## FACTS

### FACTS RELATED TO ALL PLAINTIFFS

9. On or about February 25, 2019 and continuing until as late as mid-May 2020, Plaintiffs were employees of Matarazzo Brothers. Plaintiffs had all worked for Matarazzo Brothers' predecessors-in-interest for at least 20 years.

10. Plaintiffs' work included various tasks necessary to the operation of the fruit packing warehouse, including cleaning and packing vegetables.

11. Plaintiffs were paid at a rate of $13 per hour during their employment with Matarazzo Brothers.

12. After being terminated in mid-May 2020, Plaintiffs were told in late July 2020 that they were "laid off due to COVID-19." Upon information and belief, no other employees of Matarazzo Brothers were laid off due to COVID-19 at or around that time.

### FACTS RELATED TO MS. LAINEZ

13. Ms. Lainez began experiencing symptoms of COVID-19 in late April 2020.

14. Following the onset of her symptoms in late April 2020, Ms. Lainez sought medical advice and attention for her symptoms.

15. Ms. Lainez's daughter contacted Matarazzo Brothers on her behalf to notify them that Ms. Lainez was seeking medical advice and care for her COVID-19 symptoms. Ms. Lainez does not speak English. Matarazzo Brothers did not provide Ms. Lainez, via her daughter or otherwise, with any information regarding its protocol for employees sick with COVID-19.

16. In late-April 2020, Ms. Lainez was admitted to a hospital and remained there for treatment for COVID-19 for roughly a month, until approximately May 25, 2020.

4

17. In mid-May 2020, roughly two weeks after she last attended work, while at the hospital, Ms. Lainez received a phone call from Rufino Alejandros Hernandez ("Mr. Hernandez"), a manager at Matarazzo Brothers. On this phone call, Mr. Hernandez told Ms. Lainez to file for unemployment, effectively discharging her.

18. On the same phone call, Mr. Hernandez asked Ms. Lainez for the contact information of Ms. Ramos and Ms. Nunez, to also inform them to file for unemployment.

19. Ms. Lainez began attempting to contact Matarazzo Brothers to return to work in late June 2020.

20. In or around late June or July 2020, Matarazzo Brothers informed Ms. Lainez her position had been filled, and she no longer had a position to which she could return.

21. On July 23, 2020 Ms. Lainez went to the Matarazzo Brothers office along with an interpreter and Ms. Ramos and Ms. Nunez requesting official documentation that she had been discharged. Ms. Lainez was told to return to the Matarazzo Brothers office the following day to receive official documentation.

22. On July 24, 2020 Ms. Lainez returned to the Matarazzo Brothers office with Ms. Ramos and Ms. Nunez. Ms. Lainez received a letter identical to Ms. Ramos and Ms. Nunez stating that she was "laid off due to COVID-19." The letter did not specify the date on which she was allegedly laid off. The letter is attached as Exhibit 1.

23. On January 19, 2021, Ms. Nunez filed a complaint with the Office of the Attorney General seeking leave to initiate a civil action to recover her unpaid wages.

24. On January 20, 2021, Ms. Nunez received authorization for immediate private suit from the office of the Attorney General, a true copy of which has been attached as Exhibit 2.

<u>FACTS RELATED TO MS. RAMOS</u>

5

25. Ms. Ramos began experiencing COVID-19 symptoms shortly after Ms. Lainez, in late April 2020.

26. Approximately one business day after the last day Ms. Lainez attended work, Ms. Ramos informed Matarazzo Brothers she was experiencing symptoms of COVID-19 and must quarantine pursuant to federal and state guidelines.

27. Shortly after her last day at work, Ms. Ramos tested positive for COVID-19.

28. Ms. Ramos experienced COVID-19 symptoms for roughly two weeks. Towards the end of the two-week period, her daughter became sick and tested positive for COVID-19.

29. Ms. Ramos's minor son became sick and tested positive for COVID-19 shortly following her daughter becoming sick.

30. Ms. Ramos then cared for her son and daughter while they experienced symptoms, which lasted for approximately three weeks.

31. In mid-May 2020, Mr. Hernandez called Ms. Ramos and informed her she should file for unemployment, effectively discharging her.

32. Ms. Ramos began attempting to contact Matarazzo Brothers to return to work in late June 2020.

33. In or around late June or July 2020, Matarazzo Brothers informed Ms. Ramos her position had been filled, and she no longer had a position to which she could return.

34. On July 23, 2020 Ms. Ramos went to the Matarazzo Brothers office along with an interpreter and Ms. Nunez and Ms. Lainez requesting official documentation that she had been discharged. Ms. Ramos was told to return to the Matarazzo Brothers office the following day to receive official documentation.

35. On July 24, 2020 Ms. Ramos returned to the Matarazzo Brothers office with Ms. Lainez

and Ms. Nunez. Ms. Ramos received a letter identical to Ms. Lainez and Ms. Nunez stating that she was "laid off due to COVID-19." The letter did not specify the date on which she was allegedly laid off. The letter to Ms. Ramos is attached as Exhibit 3.

36. Upon information and belief, no other employees of Matarazzo Brothers were laid off due to COVID-19 at or around that time.

37. On January 19, 2021, Ms. Ramos filed a complaint with the Office of the Attorney General seeking leave to initiate a civil action to recover her unpaid wages.

38. On January 20, 2021, Ms. Ramos received authorization for immediate private suit from the office of the Attorney General, a true copy of which has been attached as Exhibit 2.

## FACTS RELATED TO MS. NUNEZ

39. Ms. Nunez began experiencing COVID-19 symptoms shortly after Ms. Lainez, in late April 2020.

40. Approximately one business day after the last day Ms. Lainez attended work, Ms. Nunez informed Matarazzo Brothers she was experiencing symptoms of COVID-19 and must quarantine pursuant to federal and state guidelines.

41. Towards the end of the two-week quarantine period, Ms. Nunez's children, a minor son and daughter, tested positive for COVID-19, forcing Ms. Nunez to remain home to care for her children.

42. Ms. Nunez cared for her daughter, who experienced symptoms for roughly two weeks, and her son, who has asthma, who experienced symptoms for roughly a month, until late June 2020.

43. In mid-May 2020, Mr. Hernandez called Ms. Nunez and informed her she should file for

unemployment, effectively discharging her.

44. Ms. Nunez began attempting to contact Matarazzo Brothers to return to work in late June 2020.

45. In or around late June or July 2020, Matarazzo Brothers informed Ms. Nunez her position had been filled, and she no longer had a position to which she could return.

46. On July 23, 2020 Ms. Nunez went to the Matarazzo Brothers office along with an interpreter and Ms. Ramos and Ms. Lainez requesting official documentation that she had been discharged. Ms. Nunez was told to return to the Matarazzo Brothers office the following day to receive official documentation.

47. On July 24, 2020 Ms. Nunez returned to the Matarazzo Brothers office with Ms. Ramos and Ms. Ramos. Ms. Nunez received a letter identical to Ms. Ramos and Ms. Lainez stating that she was "laid off due to COVID-19." The letter did not specify the date on which she was allegedly laid off. The letter to Ms. Nunez is attached as Exhibit 4.

48. Upon information and belief, no other employees of Matarazzo Brothers were laid off due to COVID-19 at or around that time.

49. On January 19, 2021, Ms. Nunez filed a complaint with the Office of the Attorney General seeking leave to initiate a civil action to recover her unpaid wages.

50. On January 20, 2021, Ms. Nunez received authorization for immediate private suit from the office of the Attorney General, a true copy of which has been attached as Exhibit 2.

## COUNT ONE:
### FAILURE TO PAY SICK WAGES (29 U.S.C 206)

51. Plaintiffs repeat and incorporate in this Count all allegations contained in paragraphs 1-50.

52. Matarazzo Brothers failed to pay and continues to withhold compensation due to the Plaintiffs for paid sick leave. These acts are in violation of 29 U.S.C § 206.

53. Matarazzo Brothers' failure to pay Plaintiffs sick pay to which they are entitled renders Matarazzo Brothers liable to the Plaintiffs for damages in an amount equal to such unpaid wages under 29 USC § 216(b) as well as any legal or equitable relief deemed appropriate including without limitation, reinstatement, payment of wages lost and an equal amount as liquidated damages.

## COUNT TWO:
## FAILURE TO PAY TIMELY WAGES (M.G.L. c. 149 § 148)

54. Plaintiffs repeat and incorporate in this Count all allegations contained in paragraphs 1-50.

55. Matarazzo Brothers failed to timely pay and continues to withhold compensation due to the Plaintiffs for paid sick leave pursuant to 29 U.S.C § 206. These acts violate M.G.L. c. 149 § 148 requiring timely payment of wages owed to employees.

56. Matarazzo Brothers' failure to timely pay Plaintiffs sick pay to which they are entitled renders Matarazzo Brothers liable to the Plaintiffs for damages in an amount equal to three times such unpaid wages as liquidated damages under M.G.L. c. 149 § 150.

## COUNT THREE:
## FAILURE TO PAY MINIMUM WAGES (M.G.L. c. 151 § 1)

57. Plaintiffs repeat and incorporate in this Count all allegations contained in paragraphs 1-50.

58. Matarazzo Brothers failed to pay and continues to withhold compensation due to the Plaintiffs for paid sick leave pursuant to 29 U.S.C § 206. These acts violate M.G.L. c. 151 § 1 requiring payment of minimum wages entitled to employees for work performed.

59. Matarazzo Brothers' failure to pay Plaintiffs minimum wages to which they are entitled renders Matarazzo Brothers liable to the Plaintiffs for damages in an amount equal to three times such unpaid wages as liquidated damages under M.G.L. c. 151 § 20.

COUNT FOUR:
RETALIATION
29 U.S.C. §§ 215(a)(3); 216(b)

60. Plaintiffs repeat and incorporate in this Count all allegations contained in paragraphs 1-50.

61. Matarazzo Brothers terminated Plaintiffs for taking leave in accordance with the Emergency Paid Sick Leave Act. This act is retaliatory in violation of 29 U.S.C. § 215(a)(3).

62. Matarazzo Brothers' retaliatory termination of Plaintiff renders Matarazzo Brothers liable to Plaintiffs for such legal or equitable relief appropriate, including without limitation employment, reinstatement, payment of wages lost and an equal amount as liquidated damages.

COUNT FIVE:
RETALIATION
M.G.L. c. 149 § 148A; M.G.L. c. 151 § 19

63. Plaintiffs repeat and incorporate in this Count all allegations contained in paragraphs 1-50.

64. Matarazzo Brothers terminated Plaintiffs for taking leave in accordance with the Emergency Paid Sick Leave Act. This act is retaliatory in violation of M.G.L. c. 149 § 148A and M.G.L. c. 151 § 19.

65. Matarazzo Brothers' retaliatory termination of Plaintiff renders Matarazzo Brothers liable to Plaintiffs for damages of no less than one month's wages and no more than two month's wages.

## RELIEF SOUGHT

66. As to COUNT ONE, Plaintiffs seek that this Court order Matarazzo Brothers to pay to them $2,060 each, which reflects the compensation owed to Plaintiffs under federal law for the sick wages which Matarazzo Brothers has failed to pay them with an equal amount as liquidated damages. Plaintiffs Ms. Ramos and Ms. Nunez are owed an additional $2059 and $2746, respectively, which reflects the compensation owed to Plaintiffs under federal law for the sick wages which Matarazzo Brothers has failed to pay them during their time caring for a family member at two-thirds their regular rate of pay, with an equal amount as liquidated damages.

67. As to COUNT TWO, Plaintiffs seek that this Court order Matarazzo Brothers to pay to them $3,160 each, which reflects triple the compensation owed to Plaintiffs under state law for the untimely payment of sick wages to which they are entitled. Plaintiffs Ms. Ramos and Ms. Nunez are owed an additional $3089 and $4118, respectively, which reflects triple the compensation owed to Plaintiffs under federal law for the sick wages which Matarazzo Brothers has failed to pay them during their time caring for a family member at two-thirds their regular rate of pay.

68. As to COUNT THREE, Plaintiffs seek that this Court order Matarazzo Brothers to pay to them $3,060 each, which reflects triple the compensation owed to Plaintiffs under state law for the failure to may at the minimum rate to which they are entitled. Plaintiffs Ms. Ramos and Ms. Nunez are owed an additional $3029 and $4039, respectively, which reflects triple the compensation owed to Plaintiffs under federal law for the sick wages which Matarazzo Brothers has failed to pay them during their time caring for a family member at two-thirds their regular rate of pay.

69. As to COUNT FOUR, Plaintiffs seek reinstatement of their previous positions and that this Court order Matarazzo Brothers to pay to them damages of at least $54,080 each, for a total of at least $162,240, which reflects the compensation and equal liquidated damages owed to Plaintiffs under federal law as wages lost due to their retaliatory termination.

70. As to COUNT FIVE, Plaintiffs seek that this Court order Matarazzo Brothers to pay to them $4,160 each, which reflects two month's wages to which they are entitled under state law for their retaliatory termination.

71. Plaintiffs also seek that this Court order Matarazzo Brothers to pay the costs of this action along with reasonable attorneys' fees, litigation fees, and pre and post-

judgment interest pursuant to 29 U.S.C. § 215(a)(3), M.G.L. c. 149 § 150, and M.G.L. c. 151 § 19.

## JURY DEMAND

72. Plaintiffs demand a jury for all claims so triable.

                                      NORA LAINEZ,
                                      SILVIA NUNEZ,
                                      BETSY RAMOS
                                      By their attorneys,

/s/ Marcus Mitchell
Marcus Mitchell
S.J.C. Rule 3:03 Counsel

/s/ Juan Espinosa Munoz
Juan Espinosa Munoz
S.J.C. Rule 3:03 Counsel

/s/ Nicole Summers
Nicole Summers
Supervising Attorney
BBO# 691582
Harvard Legal Aid Bureau
23 Everett Street, First Floor
Cambridge, MA 02138
(617) 495-4408 (phone)
(617) 496-2687 (fax)

Dated: May 25, 2021



"Others Talk Quality, We Produce"

July 24, 2020

To Whom It May Concern,

Nora Lainez was laid off due to COVID-19, we did call employees back on 6/1/20 but she was not able to return to work at that time.

If you need any further information please let me know.

Sincerely,

Linda Gagnon, Office Manager
Matarazzo Brothers LLC

Matarazzo Brothers LLC
Accounting
290 Fourth St., Chelsea, MA 02150
617-880-0616 • Fax: 617-884-0602

NL016

Matarazzo Brothers LLC
Sales
129-130 N.E. Produce Center, Chelsea, MA 02150
617-884-0434 • Fax: 617-884-2934



# THE COMMONWEALTH OF MASSACHUSETTS
# OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

January 20, 2021

Attorney Nicole Summers
Harvard Legal Aid Bureau
23 Everett Street, First Floor
Cambridge, MA 02138

RE:   Nora Lainez, Betsy Ramos and Silvia Nunez
      Request for Private Right of Action against Matarazzo Brothers LLC

Dear Attorney Summers:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit. If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465



"Others Talk Quality, We Produce"

July 24, 2020

To Whom It May Concern,

Betsy Rodriguez was laid off due to COVID-19, we did call employees back on 6/1/20 but she was not able to return to work at that time.

If you need any further information please let me know.

Sincerely,

Linda Gagnon, Office Manager
Matarazzo Brothers LLC

Matarazzo Brothers LLC
Accounting
290 Fourth St., Chelsea, MA 02150
617-889-0516 • Fax: 617-884-0602

BR016

Matarazzo Brothers LLC
Sales
129-130 N.E. Produce Center, Chelsea, MA 02150
617-884-0434 • Fax: 617-884-2934



*"Others Talk Quality, We Produce"*

July 24, 2020

To Whom It May Concern,

Silvia Nunez was laid off due to COVID-19, we did call employees back on 6/1/20 but she was not able to return to work at that time.

If you need any further information please let me know.

Sincerely,

Linda Gagnon, Office Manager
Matarazzo Brothers LLC

Matarazzo Brothers LLC
**Accounting**
290 Fourth St., Chelsea, MA 02150
617-889-0516 • Fax: 617-884-0602

SN016

Matarazzo Brothers LLC
**Sales**
129-130 N.E. Produce Center, Chelsea, MA 02150
617-884-0434 • Fax: 617-884-2934